RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 8/29/14

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| VO DUONG TRAN | DOCKET NO. 14-CV-2376; SEC. P |
| VERSUS | JUDGE TRIMBLE |
| T.G. WERLICH | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Before the court is the pro se habeas corpus petition of Vo Duong Tran, filed pursuant to 28 U.S.C. §2241. Petitioner is an inmate in the custody of the United States Bureau of Prisons, presently incarcerated at the Federal Correctional Institution in Pollock, Louisiana. He complains that he is being denied copies of audio recordings that were apparently submitted as evidence in a criminal matter in which Tran was convicted. Tran seeks an order directing the Bureau of Prisons to allow his attorney to provide Tran with the recordings on compact disc.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons, it is recommended that Petitioner's claim be dismissed.

*Allegations*

Petitioner alleges that the attorney who represented him in a criminal matter has tried to provide Plaintiff with compact discs containing conversations in a foreign language that were recorded

by the government's informant. Petitioner claims that he needs to translate the conversations for his attorney to file an effective habeas petition challenging Petitioner's continued detention.

*Law and Analysis*

Tran's claim is presented in a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. A petition for writ of habeas corpus is the proper procedural vehicle for challenging the <u>fact</u> or <u>duration</u> of confinement. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). In this petition, Tran is not seeking a speedier release from custody or otherwise challenging his fact or duration of his confinement. He is seeking access to audio recordings needed to challenge his conviction. A *civil rights / Bivens action* is the proper remedy for a prisoner who is making a constitutional challenge to the conditions of his confinement or prison procedures. See Preiser, 411 U.S. at 499. Thus, to the extent that Petitioner claims he is being denied his right to access the courts, his claim should be filed pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971).

Because Petitioner is not seeking relief available under §2241, **IT IS RECOMMENDED** that this habeas petition be **DISMISSED**.

*Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific,

written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

THUS DONE AND SIGNED at Alexandria, Louisiana, this ___ day of August, 2014.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE